# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA CISNEROS-BARNADAS,<br>Plaintiff,<br><br>vs.<br><br>MIGUEL CISNEROS and CARMEN BANDELIA CISNEROS-ESPINOZA,<br><br>Defendants. | **CASE NO: 11-CV-0022-IEG ()**<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, (2) DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2).** |

Plaintiff, a nonprisoner proceeding *pro se*, has submitted a complaint seeking a restraining order against Defendants and a request for a Temporary Restraining Order and Preliminary Injunction. Plaintiff has also submitted a Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  28 U.S.C. § 1914(a).

An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  Plaintiff's affidavit of assets is sufficient to show that she is unable to pay the fees or post securities required to maintain this action.  See CivLR 3.2(d).  Plaintiff's sole source of income is a monthly Social Security disability payment; she owns an automobile, but no other property, assets, or securities; and owes more than $10,000 in medical bills.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

## II.     Plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction

In determining whether to grant a temporary restraining order or preliminary injunction, the Court applies the standard articulated in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365 (2008).  A party seeking a preliminary injunction must demonstrate: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  Id. at 374.  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Id. at 375-76.

It is not clear from the face of Plaintiff's complaint that the Court has either subject matter jurisdiction over Plaintiff's claims or personal jurisdiction over Defendants.  Thus, Plaintiff has not demonstrated that she is likely to succeed on the merits.  As a result, the Court need not address the remaining prongs of the standard for issuing a temporary restraining order or preliminary injunction.  Plaintiff's motion is DENIED.

## III.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims.  Id. at 1130.  The

1  newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed
2  pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before
3  directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2).  Lopez,
4  203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma*
5  *pauperis* complaint that fails to state a claim."); see also Barren v. Harrington, 152 F.3d 1193, 1194
6  (9th Cir. 1998) (noting that the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal
7  Rule of Civil Procedure 12(b)(6)").  As currently pleaded, it appears as though Plaintiff's complaint is
8  subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2) because it fails to establish that the Court
9  has subject matter jurisdiction over Plaintiff's claim or personal jurisdiction over Defendants.

10      Plaintiff's complaint details threats of bodily harm allegedly made against her by Defendants
11  and seeks protection through a restraining order against them.  Plaintiff makes disturbing allegations,
12  but, without jurisdiction, the Court is powerless to act.  The Court DISMISSES Plaintiff's complaint
13  WITH LEAVE TO AMEND pursuant to 28 U.S.C. § 1915(e)(2).[1]

14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //

---

[1] Though Plaintiff's complaint is granted with leave to amend, the Court notes that the Courts of the State of California may be better suited to address her claim.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is **GRANTED**, Plaintiff's request for a temporary restraining order and preliminary injunction is **DENIED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2). If Plaintiff still wishes to continue to proceed with this matter she must, within thirty (30) days of the date of this Order: (1) SUBMIT AN AMENDED COMPLAINT WHICH ADDRESSES ALL THE DEFICIENCIES OF PLEADING SET FORTH ABOVE; AND (2) ATTACH A COPY OF THIS ORDER. If Plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted, it will be dismissed with prejudice and without any further leave to amend. See McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996) (holding that court may dismiss action pursuant to Fed. R. Civ. P. 41(b) if Plaintiff fails to comply with previous court order regarding amendment).

**IT IS SO ORDERED.**

**DATED:** 1/10/2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**